IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00286-CR

 

Gregory Barnett Griggs,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court # 28,466

 



MEMORANDUM 
Opinion



 








          Gregory Barnett Griggs was found guilty by a jury of aggravated
sexual assault on an elderly person.  Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2004-05). 
He was sentenced to life imprisonment and fined $10,000.  He brings four issues on appeal: (1) his
right to a fair and impartial trial was violated by the court’s allowing a
witness to testify without proper notice being given by the State; (2) the
evidence was not factually sufficient to sustain a verdict of guilty; (3) the
trial court improperly overruled his motions for mistrial; and (4) the verdict
is weakly supported by the record and the prosecution’s case was fraught with
error.

 

 

BACKGROUND

          The
victim testified that she was sexually assaulted in her home by an unknown
assailant.  She had fallen asleep in
front of the television and awoke in the dark. 
Her assailant ripped open her robe, held her arms, and sexually
penetrated her.  She was unable to see
her assailant.  Afterwards, she heard
crashing sounds as the assailant escaped through the kitchen.  When police arrived, they found a back door
smashed out and shards of broken lattice panels.  An officer testified that he found a glove
lying on the ground among the lattice shards and paint chips.  DNA found in the glove was compared to a
blood sample drawn from Griggs.  A DPS criminologist
and a DNA expert each testified that the DNA from the glove matched that from the
blood sample.  Two witnesses testified to
conversations they had with Griggs while they and Griggs were inmates.  Inmate Gravitt testified that Griggs admitted
to sexually assaulting an elderly woman in Griggs’s neighborhood.  Inmate Spencer testified that Griggs nodded
and grinned when he asked Griggs if he had committed the assault.

Undisclosed
Witness

          Griggs
argues that he was denied his right to a fair and impartial trial because the
trial court allowed a witness to testify without proper notice being given by
the State.  On the second day of
testimony, the prosecution requested leave to allow an additional witness to testify.  Over Griggs’s objection, the trial court
allowed the testimony to be presented to the jury.  In determining whether or not a trial court
abused its discretion in allowing an undisclosed witness to testify, we
consider whether the prosecution’s action constituted bad faith and whether the
defendant could have reasonably anticipated the witness’s testimony.  Wood v.
State, 18 S.W.3d 642, 649 (Tex. Crim. App. 2000).    

          The
undisclosed witness—inmate Spencer—testified to a conversation he had with
Griggs.  Spencer’s attorney and the
prosecutor both testified that the prosecution did not become aware of Spencer’s
willingness to testify and of the conversation to which he would testify until
the afternoon before the State requested leave to allow the testimony.  The prosecutor informed Griggs’s counsel that
evening of its intention to add Spencer to its witness list.  The trial court found no bad faith on the
State’s part and determined that the prejudice to the defense could be cured by
granting defense counsel time to prepare. 
The court ordered the State to provide the defense relevant information
regarding Spencer for the purpose of preparation and cross-examination. 

          Because
the trial court could have reasonably found that the State did not learn of
this witness until the time of trial, and because the trial court provided the
defense an opportunity to prepare for cross-examination of the witness, the
trial court did not abuse its discretion in allowing the witness
testimony.  See Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989); Bridge v. State, 726 S.W.2d 558, 566
(Tex. Crim. App. 1986).  

Factual
Sufficiency

          Griggs
argues that the evidence at trial was not factually sufficient to sustain the
verdict.  We review factual sufficiency
by considering all of the evidence in a neutral light to determine whether the
jury was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  

          Griggs
argues that there is no physical evidence that placed him in the house where
the attack took place.  However,
testimony by the investigating officer and the victim supports the State’s
theory that the glove containing Griggs’s DNA was worn by the assailant during
entry into the house and left behind by the assailant as he exited the home by
breaking through the lattice and screen door. 
Inmate Gravitt testified that Griggs bragged to him that he had
assaulted an old woman in his neighborhood. 
Inmate Spencer testified that while he and Griggs were discussing the
indictment against him, Griggs “grinned and shook his head yes” when the inmate
asked Griggs if he had committed the crime.  The defense called other inmates who testified
that they had been asked by law enforcement officials to give information about
Griggs.  One inmate testified that inmate
Gravitt said he would “give up a name for a whole bunch of time” and stated his
desire to “take him [Griggs] down.”

          The
jury determines the credibility of the witnesses and
may “believe all, some, or none of the testimony.”  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).  The evidence is not factually insufficient
merely because the jury resolved conflicting views of evidence in favor of the
State.  Cain v. State, 958 S.W.2d
404, 410 (Tex. Crim. App. 1997).  Because
we must defer to the jury’s determination of credibility, we cannot say that
the jury was not rationally justified in finding Griggs guilty of the assault.

Motions
for Mistrial

          Griggs
argues that the trial court improperly overruled his motions for mistrial after
the State disregarded rulings and instructions by the trial court.  We review an order denying a motion for
mistrial for an abuse of discretion.  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  A trial court may properly exercise its
discretion to declare a mistrial if an impartial verdict cannot be reached, or
if a verdict could be reached but would have to be reversed on appeal due to an
obvious procedural error.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  

          Griggs
complains of two types of prosecutorial misconduct.  First, he argues that the prosecutor deliberately
positioned a trial exhibit—a photograph that had been ruled inadmissible—face
up on his counsel table in view of the jury. 
Griggs brought this to the court’s attention and requested a mistrial.  The trial court denied the motion, instructed
the prosecutor to keep documents not admitted into evidence out of the sight of
the jury, and instructed the jury to disregard any documents, photographs, or
objects they might see in the courtroom that have not been admitted as
evidence.  Although we do not condone
such activity, we find that the instruction was sufficient to cure any harm.

          Second,
Griggs argues that the State committed prosecutorial misconduct by eliciting
extraneous allegations against him.  The
court instructed the prosecutor that there should be no testimony regarding any
criminal acts or offenses which were not subject to the current
proceedings.  The court specifically
expressed its concern regarding testimony of admissions to three sexual
assaults.  In response to the court’s
instruction, the prosecutor requested a break to speak to the witnesses before
they were called.  Nevertheless, when the
prosecutor asked Gravitt what Griggs told him, Gravitt responded: “That he had
raped some older women.”  Later in his
testimony, Gravitt repeated his statement that Griggs said “he had raped older
women.”  The prosecution’s next witness
was the detective to whom Gravitt had made the statement.  The detective testified that Gravitt had told
him that Griggs said “he had raped three elderly women in his
neighborhood.”  

          The
State argues that Griggs failed to preserve his complaint in this instance
because he did not timely object to the testimony.  Generally, a timely objection to a violation
of a motion in limine is necessary to preserve error.  Wilkerson
v. State, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994).  However, the purpose of requiring a timely
objection is to provide the trial court an opportunity to make a curative instruction
or mistrial ruling.  In this case, the
trial court itself brought the issue to the attention of the attorneys at the
conclusion of the two witnesses’ testimony. 
At that point, Griggs made a motion for mistrial and requested an
instruction.  The trial court denied the
motion for mistrial and instructed the jury before the next witness was
called.  Under these circumstances,
Griggs’s actions were sufficient to preserve the complaint about the mistrial
ruling.  See Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)
(“all a party has to do to avoid the forfeiture of a complaint on appeal is to
let the trial judge know what he wants, why he thinks himself entitled to it,
and to do so clearly enough for the judge to understand him at a time when the
trial court is in a proper position to do something about it”).

The asking of an improper question will seldom
require a mistrial because, in most cases, any harm can be cured by an
instruction to disregard.  Ladd, 3 S.W.3d at 567; Hernandez v. State, 805 S.W.2d 409,
413-14 (Tex. Crim. App. 1990).  Similarly,
a witness’s inadvertent reference to an extraneous offense is generally cured
by a prompt instruction to disregard.  Rojas v. State, 986 S.W.2d 241, 250
(Tex. Crim. App. 1998).  An exception
exists where the reference was clearly calculated to inflame the minds of the
jury or was of such damning character as to suggest it would be impossible to
remove the harmful impression from the jurors’ minds.  Id.  A mistrial
is required only when an improper question or reference is clearly prejudicial
to the defendant and is of such character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jurors.  See Ladd,
3 S.W.3d at 567; Simpson,
119 S.W.3d at 272.  Regardless of
whether the prosecutor’s questions were intended to elicit the inadmissible
testimony, the focus of our analysis is on the prejudice to the defendant.  The testimony was not only heard by the jury
but was repeated by two State’s witnesses, one of whom was the investigating
officer in the case.  Furthermore, the
testimony was given in violation of the court’s earlier ruling.  Afterward, the trial judge himself expressed
concern that the testimony of the witnesses had jeopardized the trial.  The impression produced in the minds of the
jurors—that Griggs might be a serial rapist of elderly women—was highly
prejudicial and could not be cured by an instruction to disregard.  Given the lack of direct identification of
the perpetrator of the crime charged, and because the prosecution relied
heavily upon Griggs’s alleged admissions to his fellow inmates, the danger that
the jury may have been swayed by the inadmissible testimony was particularly high.  Under these circumstances, the trial court
abused its discretion in denying Griggs’s motion for mistrial.

Weak
Verdict/Prosecutorial Error

          In
his final issue, Griggs argues that the verdict is weakly supported by the
evidence and the prosecution’s case was fraught with error.  However, we have addressed the factual
sufficiency of the case and Griggs does not present any additional
prosecutorial errors for our review. 
Thus he presents no additional issue for our review.




CONCLUSION

          Finding
that the trial court abused its discretion in denying Griggs’s motion for a
mistrial, we reverse the judgment and remand the cause for a new trial.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Reversed and
remanded

Opinion
delivered and filed February 2,
 2005

Do not publish

[CRPM]